IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHARON A. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19CV00059 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Sharon A. Bryant has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq., and her claim for supplemental security income benefits under Title VXI of the Act, 42 U.S.C. §§ 1381, et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1381(c)(3).

The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On February 24, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, and the time allotted for the Commissioner to respond has expired, making the matter ripe for the court's consideration.

The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Sharon A. Bryant, was born on December 20, 1965, and eventually completed the eighth grade in school. (Tr. 49). Ms. Bryant has been employed as a server, sorter, stocker, and cashier. (Tr. 69–70, 305). She worked part-time from 2013 through 2016. (Tr. 299, 305). However, the Administrative Law Judge ("Law Judge" or "ALJ") determined that her employment during that period did not reach the level of substantial gainful activity. (Tr. 12).

On December 17, 2014, Ms. Bryant filed her applications for disability insurance benefits and supplemental security income benefits. (Tr. 277–290). In filing her current claims, Ms. Bryant alleged that she became disabled for all forms of substantial gainful employment on July 1, 2012, due to chronic back pain, right knee problems, bipolar disorder, depression, chronic obstructive pulmonary disorder ("COPD"), bunions and foot pain, contact dermatitis, and hip pain. (Tr. 280, 313, 327). Ms. Bryant now maintains that she has remained disabled to the present time. With respect to her application for disability insurance benefits, the record reflects that Ms. Bryant met the insured status requirements of the Act through the third quarter of 2012, but not thereafter. See generally 42 U.S.C. §§ 416(i) and 423(a). Consequently, Ms. Bryant is entitled to a period of disability and disability insurance benefits only if she establishes that she became disabled for all forms of substantial gainful employment on or before September 30, 2012.

Ms. Bryant's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before a Law Judge. In an opinion dated December 6, 2017, the Law Judge also determined, after applying the five-step sequential evaluation process, that Ms. Bryant is not entitled to benefits under Title II or Title XVI. See 20 C.F.R. §§ 404.1520 and 416.920 (describing the five-step process). The Law Judge found that Ms. Bryant suffered from a number of severe impairments during the Title II period, including lumbar degenerative disc disease, mild right knee osteoarthritis, major depressive disorder,

generalized anxiety disorder, and bipolar disorder. (Tr. 12–13). The Law Judge found that Ms. Bryant has continued to suffer from several of the same severe impairments during the Title XVI period, in addition to COPD, osteoarthritis in both knees, and bunions. (Tr. 13). However, the Law Judge determined that the plaintiff's impairments, considered individually or in combination, have not met or medically equaled the requirements of a listed impairment. (Tr. 13). The Law Judge assessed Ms. Bryant's residual functional capacity, commonly referred to as "RFC," as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)[1] except as follows:
>
> For the Title II period, the claimant could perform occasional stooping, crouching, and crawling, but no ladder, rope or scaffold climbing and no heights; the claimant was able to understand, remember, and carry out simple instructions and perform simple tasks, with no interaction with the general public; and the claimant would be off task less than 15% of the workday.
>
> For the Title XVI period, the claimant can perform occasional posture activities but no ladder, rope, or scaffold climbing; the claimant should avoid concentrated exposure to temperature extremes, wetness, humidity, pulmonary irritants, and industrial hazards; the claimant [is] able to understand, remember, and carry out simple instructions, and perform simple tasks; and the claimant would be off task less than 15% of the workday.

---

[1] "Light work" is defined in the regulations as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

(Tr. 16). Given the residual functional capacity assessed for each period, and after considering testimony from a vocational expert, the Law Judge determined that Ms. Bryant was able to perform her past relevant work as a sorter during the Title II period, and that she has remained capable of doing so during the Title XVI period. (Tr. 28). In the alternative, the Law Judge identified other light work roles existing in the national economy that Ms. Bryant could perform during the Title II period and remains capable of performing. (Tr. 28–29). Accordingly, the Law Judge concluded that Ms. Bryant was not disabled during the Title II period, that she has not been under a disability during the Title XVI period, and that she is therefore not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(f)–(g) and 416.920(f)–(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Bryant has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether she is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of physicians and other medical sources; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the

magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claims for disability benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's finding that Ms. Bryant has retained the residual functional capacity to perform certain light work roles since her alleged onset date and is therefore not disabled under Title II or Title XVI of the Social Security Act.

In her objections to the report and recommendation, plaintiff argues, inter alia, that the Law Judge failed to address relevant opinion evidence and erred in determining her residual functional capacity. After reviewing the record and considering the arguments presented on appeal, the court finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

The medical record establishes that Ms. Bryant suffers from a combination of severe exertional and nonexertional impairments. On July 3, 2015, Dr. William Humphries performed a consultative physical examination at the behest of the state agency. Dr. Humphries identified the plaintiff's "chief medical condition" as lower back pain that worsens with standing, walking, bending, and lifting. (Tr. 714). A review of systems also indicated complaints of knee pain that is worse when walking, significant foot pain with bunion formation, and shortness of breath on exertion. (Tr. 714). On physical examination, Ms. Bryant's back was "tender to palpation in the superior thoracic and lower lumbar regions with mild dorsal kyphosis." (Tr. 715). Likewise, plaintiff's neck, upper extremity joints, lower extremity joints, and right knee were tender to palpation, and the lower extremity joints revealed "moderate bunion formation bilaterally with the left being worse than the right." (Tr. 715). Dr. Humphries also noted mild enlargement of certain joints, and diminished range of motion in the right knee. Although Ms. Bryant was able to move on and off the examination table without difficulty, Dr. Humphries reported that her gait was

"[m]ildly antalgic on the left due to lumbar discomfort." (Tr. 715). Based on his clinical findings and the available medical history, Dr. Humphries diagnosed plaintiff with "chronic lumbar strain posttraumatic with degenerative joint disease by history"; mild degenerative disc disease in the right knee; mild COPD; mild degenerative joint disease in both hands; moderate degenerative joint disease in both feet; and mild venous insufficiency in both lower extremities. (Tr. 716). Dr. Humphries assessed plaintiff's functional capacity as follows:

> Based on objective findings of this evaluation, the examinee will be limited to sitting 6 hours in an 8-hour day, to standing and walking 2 hours in an 8-hour day, lifting 20 pounds occasionally and 10 pounds frequently. She will be limited to occasional climbing, kneeling and crawling. There will be no restriction regarding stooping or crouching. She should avoid heights, hazards and fumes. No frequent foot controls.

(Tr. 716).

As indicated above, the Law Judge determined that Ms. Bryant retains the residual functional capacity to perform light work with certain postural, environmental, and nonexertional limitations, none of which address plaintiff's ability to stand or walk. In doing so, the Law Judge indicated that he had afforded "little weight" to Dr. Humphries' opinion. (Tr. 27). However, the Law Judge did not accurately describe Dr. Humphries' opinion or adequately assess the standing and walking restrictions that he imposed. Indeed, the Law Judge's summary of Dr. Humphries' opinion is devoid of any reference to the standing and walking limitations. Instead, the Law Judge characterized Dr. Humphries' opinion as follows: "He rated [Ms. Bryant] as having a light exertional capacity, with some postural and environmental limitations, and no frequent foot controls." (Tr. 21; see also Tr. 27 ("The consultative examiner gave the claimant a light exertional limitation, with occasional climbing, kneeling, and crawling, avoidance of heights, hazards, and fumes. He also provided for no frequent foot controls.")). The court agrees with

Ms. Bryant that the Law Judge's handling of Dr. Humphries' opinion is flawed on multiple levels and requires remand.

First, under the applicable regulations, the Law Judge must evaluate every medical opinion he receives, and consider a number of factors to determine the weight to accord each opinion, including whether the source of the opinion has examined the claimant. See 20 C.F.R. §§ 404.1527(c)(1) and 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). The regulations permit the Commissioner to order a consultative examination, 20 C.F.R. §§ 404.1519a(b) and 416.919a(b), and such examination was requested and performed in this case. In the court's view, it makes little sense to arrange for a consultative examination, if the consultant's assessment of residual functional capacity, based on a record review, personal examination, and clinical findings, is ultimately disregarded or ignored.

Second, in assessing a claimant's residual functional capacity, the Law Judge must consider "all of the relevant medical and other evidence," 20 C.F.R §§ 404.1545(a)(3) and 416.945(a)(3), including opinions from medical sources. See Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, at *21 (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions."). Additionally, if the assessment "conflicts with the opinion from a medical source, the [Law Judge] must explain why the opinion was not adopted." Id. The United States Court of Appeals for the Fourth Circuit has emphasized that the Law Judge must "build an accurate and logical bridge" from the evidence to his conclusion about the claimant's residual functional capacity. Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotation marks omitted). If the Law Judge fails to do so, remand is appropriate. Id.; see also Monroe v. Colvin, 826 F.3d 176, 188–89 (4th Cir. 2016) (concluding that inadequacies in the RFC

7

assessment required remand). Of particular relevance here, the Fourth Circuit has held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks and citation omitted). The court is convinced that this is such a case.

As indicated above, the Law Judge limited Ms. Bryant to light work with certain postural, environmental, and nonexertional limitations, but said nothing about her ability to stand or walk over the course of a full workday. As was true in Mascio, the "missing analysis is especially troubling because the record contains conflicting evidence as to [the plaintiff's] residual functional capacity—evidence that the ALJ did not address." Mascio, 780 F.3d at 637. Ms. Bryant correctly emphasizes that light work typically requires "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b) and 416.967(b); see also SSR 83-10, 1983 SSR LEXIS 30, at *14 (Jan. 1. 1983) ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). Because Dr. Humphries opined that plaintiff could stand and/or walk for only two hours in an eight-hour workday, the Law Judge was required to explain why the opinion was not adopted. SSR 96-8p, 1996 SSR LEXIS 5, at *21. In the absence of such explanation, the court concludes that remand is warranted under the particular circumstances of this case. See Mascio, 780 F.3d at 637 ("Because we are left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions . . . , remand is necessary."); see also Huber v. Berryhill, 732 F. App'x 451, 455 (7th Cir. 2018) ("Given that the ALJ concluded that [the claimant] could do a good deal of walking or standing ('light work'), the ALJ needed to confront the contrary opinion of the agency's own examining physician

8

before reaching this conclusion."); Hays v. Colvin, 630 F. App'x 749, 753 (10th Cir. 2015) ("The ALJ did not even mention or weigh [the examining physician's] report as it related to [the claimant's] ability to stand and walk. Since the report as it relates to [the claimant's] ability to stand and walk is consistent with neither the ALJ's RFC determination nor the hypothetical posed to the vocational expert in formulating the determination, the failure to consider and weigh it was error."); Lamon v. Colvin, No. 8:13-cv-2625, 2015 U.S. Dist. LEXIS 22329, at *7 (D.S.C. Feb. 25, 2015) (concluding that remand was required where the Law Judge determined that the claimant was capable of light work but failed to address opinion evidence indicating that the claimant could only stand or walk for limited periods); Phipps v. Comm'r, Soc. Sec., No. 1:14-cv-00684, 2014 U.S. Dist. LEXIS 153633, at *6 (D. Md. Oct. 30, 2014), report and recommendation adopted, Dkt. No. 14 (Nov. 20, 2014) (reaching the same conclusion and emphasizing that the ability to sit, stand, and walk for prolonged periods is critical to the determination of whether the Law Judge properly found the claimant capable of light work).

For the reasons stated, the court finds "good cause" to remand this case to the Commissioner for further development and consideration.[2] If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send copies of this memorandum opinion to all counsel of record. DATED: This 3rd day of April, 2020.

_____
Senior United States District Judge

---

[2] In light of the court's decision to remand the case to the Commissioner, the court declines to address Ms. Bryant's remaining claims of error.

9